1  **COHELAN KHOURY & SINGER**
2  Michael D. Singer (SBN 115301)
   msinger@ckslaw.com
3  J. Jason Hill (SBN 179630)
   jhill@ckslaw.com
4  605 C Street, Suite 200
5  San Diego, CA 92101
   Tele.: (619) 595-3001/Fax: (619) 595-3000
6
7  **THE LAW OFFICE OF IAN PANCER**
8  Ian M. Pancer (SBN 246600)
   ian@sandiegolegal.net
9  105 West F Street, 4th Floor
   San Diego, CA 92101
10 Tele.: (619) 955-6644/Fax: (619) 374-7410
11
12 Attorneys for Plaintiff STEVEN FORD,
   on behalf of himself and all others similarly situated
13         **UNITED STATES DISTRICT COURT**
14         **SOUTHERN DISTRICT OF CALIFORNIA**

15 | STEVEN FORD, on behalf of himself | CASE NO. '19CV0754 AJB LL
16 | and all others similarly situated, |
17 |                                    | **CLASS ACTION COMPLAINT FOR:**
18 |     Plaintiff,                     |
19 |                                    | 1. **Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i);**
20 |                                    |
21 |     v.                             |
22 |                                    | 2. **Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii)**
23 | HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 100, inclusive, |
24 |                                    |
25 |     Defendants.                    | **DEMAND FOR A JURY TRIAL**
26
27
28

Class Action Complaint

Plaintiff STEVEN FORD ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

# I.

# INTRODUCTION

1. Defendant HOME DEPOT U.S.A., INC. ("Defendant") is a Delaware Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2. Defendant is a home improvement retailer company specializing in home improvement installation services and tool and equipment rentals, and offers products and materials that include lawn and garden, decor, and building products for "DIY" customers and professional contractors.

3. Plaintiff applied, was hired, and performed work for Defendant in California, in the County of San Diego.

4. On or about June 12, 2017, Plaintiff filled out Defendant's standard Fair Credit Reporting Act ("FCRA") form (hereinafter referred to as "standard FCRA form," "FCRA form" or "form") purporting to permit Defendant to obtain a consumer report verifying Plaintiff's background and experience.

5. A true and correct copy of Defendant's standard FCRA form is attached hereto as **Exhibit 1**. This form is a single "document" for purposes of the FCRA and consists of a disclosure and an authorization.

6. Defendant's FCRA form is invalid on two separate grounds. First, the FCRA form violates the stand-alone disclosure requirement. Second, Defendant's FCRA form violates the "clear and conspicuous disclosure" requirement.

7. The FCRA form violates the stand-alone document requirement as expressed in the FCRA because:

    a. The form itself includes extraneous information related to

1  various inapplicable state disclosures. *See*, 15 U.S.C. § 1681b(b)(2)(A)(i) (the
2  FCRA disclosure must be "in a document that consists solely of the disclosure");
3  *Gilberg v. California Check Cashing Stores, LLC,* 913 F.3d 1169, 1175 (9th Cir.
4  2019.

5        b.    In addition to the extraneous, out-of-state disclosures on the
6  standard FCRA form, the form directs the reader to a webpage
7  (https://www.lexisnexis.com/privacy/state-agencies.aspx) entitled "LexisNexis
8  Privacy Facts," which has virtually no privacy facts, and certainly no facts
9  pertaining to the FCRA. Instead, the webpage is a directory that contains, for
10 each of the 50 states (and Puerto Rico), a link to a page within the website for
11 that state's Attorney General (or equivalent) and that state's Department of Motor
12 Vehicles (or equivalent). Many of the links, including both of the two California
13 links, are now broken and were broken at the time of Mr. Ford's application. That
14 is to say, both of the California links and most of the others did and do lead to
15 nowhere (to a non-existent page). To the extent some of the (non-California)
16 links did or do lead to existing webpages, all of the pages contain extraneous
17 information.

18       c.    The form includes the following language, which is
19 extraneous in that it is a reservation of rights and not a disclosure at all: "Finally,
20 notwithstanding anything else in this document, Home Depot reserves the ability
21 to avail itself of any rights under any applicable federal, state, or local law,
22 including the Fair Credit Reporting Act, as amended."

23     8.    Defendant's FCRA form violates the "clear and conspicuous
24 disclosure" requirement in 15 U.S.C. section 1681b(b)(2)(A)(i) because:

25       a.    Defendant's FCRA form is unclear because it combines both
26 federal and inapplicable, out-of-state disclosures, creating confusion about what
27 rights are applicable. *Gilberg,* 913 F.3d at 1176,

28       b.    The disclosure contains language that is unclear insofar as it

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

provides: “I understand and agree that Home Depot or an outside consumer reporting agency may secure a consumer report or an investigative consumer report, as defined in the federal Fair Credit Reporting Act and any applicable state or local laws, and to the extent permitted by any applicable state or local laws, from an outside consumer reporting agency.” It is unclear who is going to secure the report. Home Depot or an outside agency? If an outside agency secures the report from another outside agency, will Home Depot receive a copy of the report from the securing outside agency? If not, is it the outside agency or Home Depot who will make hiring decisions based on the report?

c. The webpage listed on the FCRA form (https://www.lexisnexis.com/privacy/state-agencies.aspx) entitled “LexisNexis Privacy Facts,” which has virtually no privacy facts, and certainly no facts pertaining to the FCRA. Instead, the webpage is a directory that contains, for each of the 50 states (and Puerto Rico), a link to a page within the website for that state’s Attorney General (or equivalent) and that state’s Department of Motor Vehicles (or equivalent). Many of the links, including both of the two California links, are now broken and were broken at the time of Mr. Ford’s application. That is to say, both of the California links and most of the others did and do lead to nowhere (to a non-existent page). Furthermore, the inclusion of links to out-of-state privacy information is extraneous and muddies the waters, raising, for example, the following questions to a reasonable reader: What law governs the rights of Mr. Ford? California law because that is where he submitted the job application? Georgia law because that is where First Advantage Background Services Corp. is located (according to the disclosure form)?

9. Since Defendant’s standard FCRA disclosure is non-complaint, Plaintiff was confused regarding the nature of his rights under the FCRA and accordingly did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. section 1681b(b)(2)(A)(ii).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

10. Plaintiff now brings this Class Action on behalf of himself and a proposed class, defined as:

> All job applicants who signed HOME DEPOT U.S.A., INC.'s standard FCRA form at any time during the period beginning five (5) years prior to the filing of this action to the present (the "Proposed FCRA Class").

## II.

## JURISDICTION AND VENUE

11. 9. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. section 1331 and 15 U.S.C. section 1681p.

12. Venue is proper in this district pursuant to 28 U.S.C. section 1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.

## THE PARTIES

A. PLAINTIFF

13. Plaintiff applied, was hired, and performed work for Defendant in Chula Vista, California as a non-exempt hourly employee.

14. During the application process, Plaintiff completed Defendant's standard FCRA form on June 12, 2017. On that same day, Defendant procured an investigative consumer report. On June 13, 2017, the report was furnished to Defendant.

15. At the time Plaintiff signed the standard FCRA form, he did not understand it. It confused him and he did not understand his rights under the FCRA. Nor was he aware that the form violated the FCRA.

16. Nonetheless, Defendant secured a consumer report pertaining to Plaintiff.

B. DEFENDANT

17. Defendant is a Delaware Corporation. At all times relevant herein,

Defendant conducted and continues to conduct business throughout the State of California, including hiring employees such as Plaintiff.

18. Defendant's entity address listed with the California Secretary of State is 2455 Paces Ferry Road, Atlanta, Georgia 30339.

19. Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard FCRA form (**Exhibit 1**) permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

20. With respect to the events at issue in this case, Defendant is liable for the violations of law described in this Complaint.

21. Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, but is informed and believes, and thereon alleges, that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

22. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, sought a consumer report without adequate disclosures and consent. Plaintiff is informed and believes, and thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## IV.

## **NATURE OF THE ACTION**

23. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports," the FCRA provides that a prospective employee must give valid written authorization to the background check after receiving a compliant

written disclosure.

24. The FCRA's disclosure and authorization requirements are listed in 28 U.S.C. section 1681b(b)(2)(A).

## V.

## **FACTUAL ALLEGATIONS**

25. Plaintiff applied to work for Defendant in California. In connection with his employment application, Plaintiff was required to fill out Defendant's standard FCRA form (**Exhibit 1)** permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

26. Upon information and belief, Defendant required all applicants to complete the same standard FCRA form.

27. Defendant's standard FCRA form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

28. Defendant's FCRA form contained extraneous information such as state law notices in violation of 15 U.S.C. section 1681b(b)(2)(A)(i)'s "stand-alone" disclosure and "clear and conspicuous" requirements. *Gilberg,* 913 F.3d at 1175-1176.

29. Accordingly, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. section 1681b(b)(2)(A)(ii).

30. Nevertheless, Defendant procured or caused to be procured Plaintiff's consumer report.

31. Defendant's failure to provide a compliant disclosure, and failure to obtain a proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. section 1681b(b)(2)(A). *Syed* v. *M-1, LLC,* 853 F.3d 492, 499 (9th Cir. 2017).

32. By including extraneous information in its standard FCRA disclosure, Defendant's conduct is contrary to the plain language of the statute,

1 case law, and unambiguous regulatory guidance from the Federal Trade
2 Commission ("FTC").

3   33.   Based on information and belief, Plaintiff alleges that Defendant
4 "willfully" violated the FCRA. Defendant knew that its standard FCRA
5 disclosure must not contain surplus or extraneous information related to state
6 disclosures and must be clear and not likely to confuse a reasonable reader.

## VI.
## CLASS ALLEGATIONS

  34.   Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff satisfies the requirements of Rules 23(a) and 23(b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a class defined as follows:

> All job applicants who signed HOME DEPOT U.S.A., INC.'s standard FCRA form at any time during the period beginning five (5) years prior to the filing of this action to the present (the "Proposed FCRA Class").

  35.   Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues, including in the alternative, certification without notice as a single legal issue under Fed. R. Civ. P. Rule 23(b)(2) and/or Rule 23(c)(4). Plaintiff also reserves the right to allege subclasses as appropriate following discovery procedures.

  36.   This class action on behalf of members of the Proposed FCRA Class meets the statutory prerequisites for the maintenance of a class action as set forth in Fed. R. Civ. P. Rules 23(a) and 23(b)(3).

  A.   <u>Numerosity</u>

  37.   The Proposed FCRA Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that Defendant used

the same form for thousands of job applicants to obtain consumer reports and background checks.

38. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000. Each of these potential Class Members is readily ascertainable by the information provided at the time of application for employment with Defendant.

39. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed FCRA Class with a last known mailing address such that constitutional notice of the action and opportunity to opt out of the action can be provided by U.S. Mail.

B. Commonality

40. There are questions of law and fact common to the Proposed FCRA Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a. Whether Defendant's standard FCRA form (**Exhibit 1**) meets 15 U.S.C. section 1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement;

    b. Whether Defendant's standard FCRA form (**Exhibit 1**) is "in a document that consists solely of the disclosure" (15 U.S.C.§ 1681 b(b)(2)(A)(i));

    c. Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. section 1681 b(b)(2)(A)(ii); and

    d. Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. section 1681n.

C. Typicality

41. The claims of the named Plaintiff are typical of the claims of the members of the Proposed FCRA Class.

42. Plaintiff is a member of the Proposed FCRA Class. Plaintiff was an

applicant and filled out Defendant's standard FCRA form (**Exhibit 1**) during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed FCRA Class. Plaintiff suffered the same injuries and seeks the same relief as members of the Proposed FCRA Class and as to any necessary subclasses.

D. Adequacy of Representation

43. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed FCRA Class.

44. Counsel for Plaintiff is competent and experienced in litigation of large complex consumer and wage and hour class actions.

E. Predominance and Superiority of a Class Action

45. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed FCRA Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members.

46. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

47. Class action treatment will allow a large number of similarly-situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Proposed FCRA Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting

employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.

### FIRST CAUSE OF ACTION

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**
**[15 U.S.C. § 1681b(b)(2)(A)(i)]**
**(By Plaintiff and All Members of The Proposed FCRA Class Against All Defendants)**

48. Plaintiff, and the other members of the Proposed FCRA Class, re-allege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

49. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

50. Defendant's standard FCRA form is unlawful on two separate grounds.

51. First, Defendant's FCRA disclosure violates the "stand-alone" disclosure requirement in 15 U.S.C. section 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA disclosure combines both federal and state disclosures, among

1 other extraneous and irrelevant information. *Gilberg*, 913 F.3d at 1175.

52. Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. section 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures." *Gilberg*, 913 F.3d at 1176. Plaintiff alleges that the Defendant's standard disclosure was not clear and did not contain a "stand-alone" document and in fact was unclear, contained extraneous and confusing material that did not comply with law. As a sophisticated corporate Defendant who has faced similar litigation over the identical issues in the past, Defendant's conduct must be viewed as "willful" as defined under the statute.

53. The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the stand-alone requirement is straightforward. The word "solely" in Subsection (i) and the one express exception in Subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg*, 913 F.3d at 1175 (citing to *Syed*, 853 F.3d at 501-503).

54. Defendant also had specific case law to provide guidance. *See Gilberg*, 913 F.3d at 1175 ("*Syed*'s holding and statutory analysis were not limited to liability waivers; Syed considered the standalone requirement with regard to *any surplusage*") (citing to *Syed*, 853 F.3d at 501) (emphasis added).

55. Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure. *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information");

FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681 b(b)(2)(A)).

56. In addition, Defendant's violation of the "clear and conspicuous disclosure" requirement was willful. Defendant knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable person about the nature of his rights under the FCRA.

57. Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. section 1681n(a)(l)(A).

58. Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. section 1681n(a)(2).

59. Plaintiff and all other members of the proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. section 1681n(a)(3).

## VIII.

## SECOND CAUSE OF ACTION

**FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA**
**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**
**(By Plaintiff and All Members of The Proposed FCRA Class Against All Defendants)**

60. Plaintiff, and the other members of the Proposed FCRA Class, re-allege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

61. Since Defendant's standard FCRA form contains extraneous information, such as state disclosures, the FCRA disclosure does not consist

"solely" of the disclosure nor is it "clear and conspicuous" as required by 15 U.S.C. section 168lb(b)(2)(A)(i).

62. Accordingly, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. section 1681b(b)(2)(A)(ii).

63. Nevertheless, Defendant procured a consumer report or caused a consumer report to be procured for employment purposes on Plaintiff and the Proposed FCRA Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

64. This violation of the FCRA is willful. 15 U.S.C. § 1681n. Defendant knew that its standard FCRA form must stand alone and must be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without a legally compliant disclosure.

65. Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. section 1681n(a)(l)(A).

66. Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. section 1681n(a)(2).

67. Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. section 1681n(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed FCRA Class:

    A) That the Court certify the First and Second Causes of Action asserted by the Proposed FCRA Class as a Class Action pursuant to Fed. R.

|   |   |   |
|---|---|---|
| 1 |    | Civ. P. Rules 23(b)(2) and/or 23(b)(3); |
| 2 | B) | A determination and judgment that Defendant willfully violated Sections 1681b(b)(2)(A)(i) and(ii) of the FCRA; |
| 4 | C) | Pursuant to 15 U.S.C. section 1681n(a)(l)(A), an award of statutory damages to Plaintiff and all other members of the Proposed FCRA Class in an amount equal to $1,000 for Plaintiff and all other members of the proposed FCRA Class for each willful violation of the FCRA; |
| 9 | D) | Pursuant to 15 U.S.C. section 1681n(a)(2), an award of punitive damages to Plaintiff and all other members of the Proposed FCRA Class; and |
| 11 | E) | An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. section 1681n(a)(3). |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: April 24, 2019

**COHELAN KHOURY & SINGER**
**THE LAW OFFICE OF IAN PANCER**

By: s/J. Jason Hill
    Michael D. Singer
    J. Jason Hill
Attorneys for Plaintiff STEVEN FORD on behalf of himself and all others similarly situated